**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH M. JACKSON, | : | CIVIL ACTION NO. 3:CV-14-0015 |
| | : | |
| **Plaintiff** | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| EQUIFAX INFORMATION SERVICES | : | |
| and JOHN DOE, MANAGER, | : | |
| | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

**I.      BACKGROUND.**

On January 7, 2014, Plaintiff, Joseph M. Jackson, currently an inmate confined at the Oklahoma State Reformatory  ("OSR"), Granite, Oklahoma, 73547, filed,  *pro se*, a Complaint raising a  claim under the  the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et. seq.*  (Doc. 1).   Plaintiff attached two Exhibits (A&B) to his Complaint.  Plaintiff filed his action in the U.S. District Court for the Middle District of Pennsylvania.  It appears that during  2012, Plaintiff's mailing address was  Unit 704, A-006, 122 Lakeshore Drive, Lake Harmony, Pennsylvania, 18624. Plaintiff indicated that he was not at the Lake Harmony address for five years prior to February 2012. It appears that prior to 2012, Plaintiff was confined in an Oklahoma state prison, located in Hominy, Oklahoma.   (Doc. 1, Ex. B).

Named as Defendants are Equifax Information Services, LLC ("Equifax"), of Atlanta, Georgia, and John Doe  an unknown manager of Equifax. Plaintiff basically alleges that he requested Defendant Equifax to provide him with his annual free credit report and that Defendant violated

the FCRA when it failed to send him his gratuitous credit report.  Plaintiff states that when he made his initial request to Equifax in Atlanta, Georgia, for his free annual credit report, seemingly in January 2012, he was asked by Equifax to provide more information.  Plaintiff then provided additional information, including his then address in Lake Harmony as well as his prior address, seemingly in an Oklahoma state prison, and copies of his bank statements, Social Security card, and birth certificate.  (*See* Doc. 1, Ex. B). Plaintiff states that Equifax still failed to provide him with his free credit report and he filed a complaint with the Federal Trade Commission ("FTC"). (*See* Doc. 1, Ex. A).  Plaintiff avers that even after he contacted the FTC, Equifax still continually failed to provide him his free credit report so that he could determine the accuracy of the information in his credit report.

Plaintiff states that Equifax's alleged conduct constituted a willful violation of the FCRA since it failed to provide him with a free copy of his credit report "or follow reasonable procedures to assure the accuracy of the information concerning Plaintiff."   However, since Plaintiff states that he did not receive his credit report, it appears that he does not know if his report contained inaccurate information.  Plaintiff states that "[a]s a result, [he] was emotionally distressed and nauseated and was otherwise injured, suffered grief, humiliation, embarrassment, anger, and disappointment." (Doc. 1, p. 3).

As relief, Plaintiff seeks actual damages in the amount of $36,000 against each Defendant, and punitive damages in the amount of $36,000 against each Defendant.  Plaintiff also demands a jury trial. (Id., p. 5).

2

Also, on January 7, 2014, Plaintiff filed an Application to Proceed *In Forma Pauperis* with a copy of the balance in his inmate account at OSR for the past six months, *i.e.*, from June 2013 through December 2013. (Doc. 2). Plaintiff did not file the proper Application to Proceed *In Forma Pauperis* and the proper Authorization form used by this Court.

This Court has jurisdiction over Plaintiff 's FCRA action pursuant to 28 U.S.C. § 1331.[1] Venue is also proper in this Court since a substantial part of the events or issues giving rise to Plaintiff 's claim occurred in the Middle District of Pennsylvania. *See* 28 U.S.C. §1391(b).

To date, Defendants have not been served with Plaintiff 's Complaint. We will now screen Plaintiff's Complaint as required by the Prison Litigation Reform Act. *See Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-88 (W.D. Pa. 2008). Even though Plaintiff, who is an inmate, is not complaining about prison conditions, his Complaint is still subject to screening since he filed an *in forma pauperis* motion. *See Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa., 2009 WL 5743182 (M.D. Pa. Dec. 9, 2009), affirmed 404 Fed.Appx. 581 (3d Cir. 2010). Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C.§ 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604.

The Court uses the standard for a Rule 12(b)(6) Motion to Dismiss to screen a Complaint. *See Banks v. County of Allegheny*, *supra*.

---

[1]As Plaintiff correctly indicates in his Complaint, this Court's jurisdiction over this action is based on federal question, 28 U.S.C. § 1331, pursuant to the FCRA, 15 U.S.C. §1681(p). *See Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010).

## II.   MOTION TO DISMISS STANDARD.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), this Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal*, 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## III.    DISCUSSION.

In *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191  (3d Cir. 2009), the Third

Circuit Court stated:

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2205, 167 L.Ed.2d 1045 (2007). In doing so, Congress sought to preserve the consumer's privacy in the information maintained by consumer reporting agencies. Cole v. U.S. Capital, Inc., 389 F.3d 719, 725 (7th Cir.2004).  A "consumer reporting agency" is defined as: "any person which, for monetary fees, dues, or a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

(Footnote 5 omitted).

The Court in *Gelman*, 583 F.3d at 192, also stated:

Congress gave the Federal Trade Commission ("FTC") primary responsibility for governmental enforcement of the FCRA. 15 U.S.C. § 1681s. However, the FCRA also creates a private cause of action. *See* 15 U.S.C. §§ 1681n-o. Sections 1681n and 1681o establish civil liability for willful and negligent noncompliance with  §1681. It allows recovery of actual damages, 15 U.S.C.  § 1618o, as well as statutory and punitive damages if a violation is "willful." 15 U.S.C. § 1681n.FN8

FN8.  "Willful" violations include reckless disregard of any

requirement of the FCRA. *See Safeco Ins. Co. of America v. Burr,*
*supra.*

Sections 1681n and 1681o of the FCRA provide that "[a]grrieved individuals can seek redress for damages resulting from both 'willful' and 'negligent' noncompliance with that statute." *Gagliardi v. Equifax Information Services, LLC*, 2011 WL 337331, *7 (W.D. Pa. Feb. 3, 2011). Under §1681n, willful noncompliance with any requirement imposed under the FCRA can result in liability for actual damages and punitive damages. Under §1681o, negligent noncompliance with the substantive provisions of the FCRA can result in liability only for actual damages. *Id*. at *14.

A private right of action exists under §1681s-2(b) of the FCRA. *See Kibbie v. BP/Citibank*, 2009 WL 2950365, *7; *Schroeder v. Verizon Pennsylvania, Inc.*, 2011 WL 2651107, *2 n. 2; *Shap v. Capital One Financial Corp.*, 2012 WL 1080127, *2 (E.D. Pa. March 30, 2012)("An individual may assert a private cause of action for violations of §1681s-2(b) ... ."); *Simmsparris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011).

We find that Defendant Equifax is a consumer reporting agency as defined by the FCRA. *See Shannon v. Equifax Information Services, LLC,* 764 F.Supp.2d 714 (E.D.Pa. 2011). We take judicial notice that Equifax is a Georgia Corporation.

Based on Plaintiff's above stated allegations and the elements of a cognizable private right of action under the FCRA, we find that Plaintiff has failed to state a proper claim against Defendants in his Complaint. *See Smith v. HireRight Solutions, Inc.*, 711 F.Supp.2d 426 (E.D.Pa. 2010); *Shannon v. Equifax Information Services, LLC, supra*. In fact, Plaintiff 's pleading makes clear that Plaintiff does not know if Equifax had inaccurate information in his credit report since

Plaintiff admits that he never received his credit report despite his repeated requests for it. *See Lawrence v. Trans Union LLC*, 296F.Supp.2d 582, 587 (E.D.Pa. 2003)("Liability arises under §1681e(b) when the consumer reporting agency issues an inaccurate consumer report."). Thus, Plaintiff avers that Equifax failed to disclose to him his credit report.  Plaintiff fails to state in his Complaint what  inaccurate information Equifax had in his credit report, and he fails to state that Equifax violated its duty to investigate any inaccurate information or disputed item in his credit report.   It also appears that Equifax had reasonable procedures in place since Equifax advised Plaintiff that it needed additional information from him to process his request, especially since Plaintiff did not have a non-prison address for the past five years.

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court  finds bad faith, undue delay, prejudice, or futility.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002);  *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).  Based upon the above, we do not find that it would be futile to allow Plaintiff to file an amended Complaint.   Thus, we shall recommend that Plaintiff's Complaint be dismissed without prejudice if the Court does not adopt our recommendation that Plaintiff' s case be transferred to the District Court in the Northern District of Georgia where the Defendants are located and where the operative events giving rise to Plaintiff 's claims occurred.

Moreover, we find that for the convenience of the parties and in the interests of justice the Court should transfer Plaintiff 's case to the Northern District of Georgia pursuant to 28 U.S.C. §1404(a).

Initially, on the face of his Complaint, Plaintiff states that he is a citizen of Oklahoma and that he presently resides at OSR in Granite, Oklahoma. (Doc.1, p. 1). Plaintiff does not indicate how long he will be confined in OSR. Defendants are citizens of Atlanta, Georgia. It also appears from Plaintiff's Exhibits that he has been confined in Oklahoma for most of the past five years, with the exception of 2012. Thus, even though Plaintiff states in the body of his Complaint that he lives in Pennsylvania and that his principal assets and affairs are located in Pennsylvania, we find that for the convenience of the parties, this case should be transferred to federal court in Georgia. We also find that Plaintiff 's own Application to Proceed *In Forma Pauperis* (Doc. 2) belies his claim that he has any assets in Pennsylvania or in any state. Further, Plaintiff 's Application to Proceed *In Forma Pauperis* indicates that Plaintiff last worked in May of 1983.[2]

We find that Plaintiff's claims under the FCRA against Defendants Equifax and its unknown manager should be transferred to the District Court for the Northern District of Georgia. Plaintiff is alleging that Defendants were in violation of the FCRA by failing to provide him with his annual free credit report in 2012 when Plaintiff was not an inmate and resided in Lake Harmony, which is located in the Middle District of Pennsylvania. However, Plaintiff is now confined in OSR for an undisclosed period of time and it appears that he was previously confined in Oklahoma state prison for some time. Defendants are located in Atlanta, Georgia, Equifax is a Georgia Corporation, and the violations of the FCRA which Plaintiff alleges

---

[2]We note that Plaintiff signed both his Complaint and his Application to Proceed *In Forma Pauperis* under Penalty of Perjury pursuant to 28 U.S.C. §1621. (Doc. 1, p. 6 & Doc. 2, p. 3).

occurred in Georgia. All of the Defendants' records and witnesses are located in Georgia. It appears that Plaintiff filed his present action in the Middle District of Pennsylvania simply because Plaintiff previously resided in the Middle District. Thus, neither Plaintiff nor Defendants are presently citizens of Pennsylvania and no party is located in the Middle District of Pennsylvania. Also, since Plaintiff requests a jury trial, for the convenience of the parties and in the interests of judicial economy, we find that this case should be transferred to the federal court in Georgia, where Defendants are located as well as their witnesses and records.

There is no question that the Middle District of Pennsylvania is a proper venue for Plaintiff's case. However, we will recommend that Plaintiff's claims under the FCRA against Defendant Equifax be transferred to the District Court for the Northern District of Georgia, since this is the more convenient forum regarding these claims, pursuant to 28 U.S.C. §1404(a). The District Court of Northern District of Georgia clearly would have jurisdiction over Plaintiff's claims, since both Defendants reside in Georgia. *See* 28 U.S.C. §1391(b). As stated, no party presently resides in the Middle District and Plaintiff does not state when and if he will return to the Middle District of Pennsylvania. Further, we find that a substantial part of the events giving rise to Plaintiff's FCRA claims occurred in Atlanta, Georgia, where Defendants reside and where Plaintiff submitted his requests for his free annual credit report.

Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3; *Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10 Memorandum; *Abuhouran v. Kaiserkane, Inc.*, *supra*.

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a).

In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). The United States Supreme Court in *Hoffman v. Blaski,* 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized that under §1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

"the purpose of [§ 1404(a) ] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotations omitted). Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted."*Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638, 640 (E.D. Pa. 2003)."

The *Brown* Court considered all of the relevant factors and found that since the alleged actions by Plaintiff Brown occurred while he was an inmate at SCI-Pittsburgh and SCI-Fayette, both located in the Western District of Pennsylvania, the relevant Defendants

10

were located in the Western District of Pennsylvania, and "practical considerations

dictate[d] that the action should be transferred to the Western District," the Court

transferred Plaintiff Brown's Amended Complaint to the Western District of Pennsylvania.

*Id.*, *2-*3.

The *Brown* Court stated that courts generally consider the following factors in

deciding whether to transfer a case to another district:

> (1) the plaintiff's choice of forum; (2) the defendant's preference;
> (3) where the claim arose; (4) the convenience of the parties; [sic]
> (4) the convenience of the witnesses, but only to the extent that
> the witnesses may actually be unavailable for trial in one of the fora;
> (5) the location of books and records, similarly limited to the extent
> that the files could not be produced in the alternative forum;
> (6) the enforceability of the judgment; (7) practical considerations that
> could make the trial easy, expeditious, or inexpensive; (8) the
> relative court congestion in the competing courts; (9) the local interest
> in deciding local controversies at home; (10) the public policies of
> the fora; (11) and the familiarity of the trial judge with the applicable
> state law.

*Id.* at *2(citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995); *Smith*

*v. HireRight Solutions, Inc.*, 2010 WL 2270541, *2 (E.D.Pa. June 7, 2010)(citations

omitted).[3]

Based on the above analysis of the relevant factors as they pertain to the instant case,

specifically regarding the above listed factors 2, 3, 4, 5, 6, 7 and 9, as well as the relative

ease  of access to evidence, we find that the majority of the factors weigh in favor of

transferring Plaintiff Jackson's case as against Defendant Equifax to the District Court for the

---

[3]The quote from *Brown* contained two factors number (4).

Northern District of Georgia.  We find that even though Plaintiff resided in the Middle District of Pennsylvania and he chose this Court as his forum, most of the conduct allegedly violating the FCRA occurred in Atlanta, Georgia.   Specifically, we find that most of the operative facts giving rise to Plaintiff 's FCRA claims  occurred in Atlanta, Georgia, when he submitted his requests for his credit report to Equifax at its headquarters and, that all of the relevant documents and records are located in Atlanta.  Indeed, the violations of the FCRA which Plaintiff alleges Equifax committed all occurred in Atlanta, and Pennsylvania has minimal connections with this case.  *See Smith v. HireRight Solutions, Inc.*,  2010 WL 2270541, *4(Court cited to cases which held that the operative facts in an FCRA action "arose in the forum where credit reports were complied and issued.")(citations omitted). Further, none of the witnesses, including Plaintiff, are located in the Middle District of Pennsylvania. Thus, we find that Plaintiff's choice of forum is not entitled to significant deference. *See Smith v. HireRight Solutions, Inc.*, 2010 WL 2270541, *3(citations omitted).

Therefore, we find that for the convenience of the parties and witnesses and in the interests of justice, the instant case should be transferred to the District Court for Northern District of Georgia as against Defendant Equifax. *See  Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Smith v. HireRight Solutions, Inc.*,  2010 WL 2270541, *4("Multiple courts considering §1404 transfer motions in FCRA cases have noted that the situs of the material events, and thus the appropriate venue, is generally the place where the defendant

credit reporting agency conducted its business.")(citations omitted).[4]

We will recommend that Plaintiff's Complaint (Doc. 1) against Defendants be transferred to the District Court for the Northern District of Georgia.   Furthermore, we recommend that the Court defer to the transferee court for ruling on Plaintiff's Application to Proceed *in forma pauperis*.  (Doc. 2).

## IV.     RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Plaintiff's Complaint (Doc. 1) against Defendants be transferred to the District Court for the Northern District of Georgia. In the alternative, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice.[5]   It is also recommended that if Plaintiff is permitted to file an amended Complaint in this Court, he be directed to file the proper *in forma pauperis* motion and authorization form which this Court utilizes.


 s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 9, 2014**

---

[4]By separate Order, we will direct the Clerk of Court to serve a copy of this Report and Recommendation on Defendant Equifax.

[5]As stated above, we find that  Plaintiff has not stated a proper claim under the FCRA. Plaintiff only alleges that Equifax failed to provide him with his free annual credit report when he requested it and that even after he supplied Equifax with the additional information it requested, Equifax still did not give him his credit report. Thus, Plaintiff does not allege that inaccurate information was in his credit report. Therefore, Plaintiff does not state a claim under §1681e(b) of the FCRA.  *See Smith v. HireRight Solutions, Inc.*, 711 F.Supp.2d 426 (E.D.Pa. 2010).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH M. JACKSON,** | : | **CIVIL ACTION NO. 3:CV-14-0015** |
| | : | |
| **Plaintiff** | : | **(Judge Caputo)** |
| | : | |
| **v.** | : | **(Magistrate Judge Blewitt)** |
| | : | |
| **EQUIFAX INFORMATION SERVICES** | : | |
| **and JOHN DOE, MANAGER,** | : | |
| | : | |
| **Defendants** | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 9, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

 

 

 

_____    **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated:  January 9, 2014**