IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH M. JACKSON,<br>Plaintiff, | : <br> : <br> : | PRISONER ACTION <br> 28 U.S.C. § 1331 |
| v. | : <br> : | |
| EQUIFAX INFORMATION<br>SERVICES, LLC,<br>Defendant. | : <br> : <br> : | CIVIL ACTION NO.<br>1:14-CV-610-WSD-LTW |

## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Oklahoma State Reformatory in Granite, Oklahoma. Plaintiff, pro se, seeks damages in this action for Defendants' alleged failure to comply with the Fair Credit Reporting Act. (Docs. 11, 13.) The Court screened Plaintiff's complaint and allowed the claim to proceed. (Doc. 19.) The U.S. Marshals Service ("USMS") then served Defendant with process. (Doc. 22.)

On July 10, 2014, the USMS filed a return of service form with the Court that states that its deputy served Defendant's agent on June 8, 2014, which was a Sunday. (*Id.*) That would have made Defendant's responsive pleading due by June 30, 2014. *See* Fed. R. Civ. P. 12(a)(1) (responsive pleading is due within twenty-one days of service). Defendant did not file a responsive pleading by that date, so Plaintiff sought entry of default, which the Clerk entered. (Doc. 24); *see* Fed. R. Civ. P. 55(a) ("When

AO 72A
(Rev.8/82)

a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

On July 28, 2014, Defendant filed its answer. (Doc. 25.) Defendant also filed a motion to set aside default supported by two declarations. (Doc. 26.)

Defendant's counsel states in his declaration that the USMS informed him in early August 2014 that it did not serve Defendant with process on June 8, 2014, and that the date on the return of service form is thus incorrect. (Doc. 26-3.) Defendant's Senior Consumer Relations Specialist stated in her declaration that Defendant has no record of service on June 8, 2014, and that Defendant was served with process on July 8, 2014. (Doc. 26-2.)

Plaintiff filed no response to Defendant's motion to set aside default, and the time for doing so has expired. *See* LR 7.1B, NDGa. (responses must be filed within fourteen days). Plaintiff instead filed another motion "for entry of default" that actually seeks a default judgment. (Doc. 27.) Plaintiff also filed another copy of his declaration that he filed in July 2014 when he first sought entry of default. (Doc. 27-2.) Plaintiff relies solely on the June 8, 2014 service date shown on the USMS return of service form as support for his motion. (Doc. 27.)

2

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Factors to consider include whether: the default was culpable or willful; setting aside default would prejudice the adversary; the defaulting party presents a meritorious defense; the public interest has been implicated; the entry of default would cause significant financial loss to the defaulting party; and the defaulting party acted promptly to correct the default. *Insituform Techs, Inc. v. Amerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008).

Defendant has shown good cause to set aside the default in this case because the undisputed evidence shows that the USMS simply listed the wrong date of service on the return of service form. The USMS listed *June* 8, 2014 – a Sunday – on the form when it actually served Defendant on *July* 8, 2014 – a Tuesday. The USMS filed the form with the Court on July 10, 2014, two days after service. That fact, along with the unusual Sunday date erroneously listed on the form, further demonstrates that the USMS simply listed the wrong month on the form.

There is no evidence of willful default or that Plaintiff will be prejudiced by setting aside the default. Defendant filed its answer within twenty-one days of the July 8, 2014 service date, presented meritorious defenses, and promptly sought to set

aside the default just two weeks after it was entered. No factors weigh against setting aside the default.

Because there was no actual default, Plaintiff's request for default judgement should be denied. Default is a prerequisite to default judgment. Fed. R. Civ. P. 55(b).

Accordingly, the undersigned **RECOMMENDS** that Defendant's motion to set aside default [26] be **GRANTED** and that Defendant's answer be deemed timely filed. The undersigned **FURTHER RECOMMENDS** that Plaintiff's motion for default judgment [27] be **DENIED**.

**SO RECOMMENDED** this 8 day of September, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)