In The United States District Court
For The Northern District Of Georgia
Atlanta Division

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 27 2014

JAMES N. HATTEN, CLERK
By: S. Oran, Deputy Clerk

Joseph M. Jackson,  :: Prisoner Action
          Plaintiff,  :: 28 U.S.C. § 1331
     v.               ::
Equifax Information  ::
Services, LLC, Et al., :: Civil Action No.
          Defendants.  :: 1:14-CV-610-WSD-LTW

## Motion For Discovery

Comes now, Joseph M. Jackson, plaintiff, and his motion for discovery pursuant to Federal Rules of Civil Procedure (FRCP), Rule 26; Fair Credit Reporting Act (FCRA), for the following reasons:

1. On January 7, 2014, plaintiff filed complaint.

2. On October 13, 2014, defendant Equifax Information Services LLC's (Defendant Equifax, or Equifax) memorandum in opposition to plaintiff's objection to the magistrate judge's report and recommendation (Equifax objection) was filed. See Equifax objection, filed October 13, 2014.

3. Plaintiff received Equifax objection via United States Postal Service (USPS) express mail; unlike copies of Equifax motion to set aside, answer, or other papers or

documents, all of which plaintiff did not receive.

4. Upon information and belief the USMS return of service form, stating June 8, 2014 is the service date, now appear to may have been written ▮▮▮▮ June 5, and was altered to ▮▮▮▮ read June 8 [, 2014]. And discovery should be had to determine the exact date that was initially entered on that form.

5. On or about ▮▮▮▮ June 5, 2014, or June 8, 2014, a T. Pinkney, Legal assistant of Defendant Equifax, signed for the summons, and complaint in this case, (see USMS form filed July 10, 2014), and Defendant Equifax denies service until July 8, 2014, and discovery should be permitted because of the factual issues implicated.

6. On or about July 28, 2014, defendant Equifax failed to actually mail motion to set aside, and answer to plaintiff.

7. A more satisfactory showing of the facts is necessary or pertinent facts bearing on the question of the July ▮8, 2014 are controverted.

8. Plaintiff seeks discovery of information peculiarly within the knowledge of defendant Equifax, such as: (1) whether or not T. Pinkney, Legal assistant was employed by defendant Equifax on ▮▮▮▮ June 5, 2014, June 8, 2014, or July 8, 2014, if so, was such person working for defendant Equifax on those days, whether such person signed USMS return of service form on any of those dates,

or on more than one of those dates; if such person has signed USMS return of service form on a date other than or before July 8, 2014, was the served summons and complaint shuffled among Equifax's offices (or agent's offices), and who handled the papers in each such office.

9. Even though plaintiff have not received defendant Equifax's motion to set aside and declarations; upon information and belief, discovery is also material to plaintiff's proof that defendant Equifax was served on June 8, 2014, because declarations from persons other than the U.S. Marshal or deputy who made the June 8, 2014 service, or from the person who signed for the summons and complaint on that date are insufficient to rebut the USMS return stating June 8, 2014 is the service date, or that of the person who signed for the summons and complaint on June 8, 2014, and discovery is necessary to establishment of the June 8, 2014 service date.

10. Defendant Equifax also asserted a declaration was attached to its objection, but even though plaintiff did receive the objection by express mail, plaintiff have not received such declaration (exhibit A). See Equifax objection, p.5.

11. Plaintiff did not learn of defendant Equifax's first appearance by out of time answer, until plaintiff received the magistrate judge's report and recommendation.

12. In addition, defendant Equifax is in default; and on March 6, 2014, the Court allowed the fictitious party pleading for the unknown manager, "J. Doe", and plaintiff need to learn J. Doe defendant's identity, to inform the Court and seek service of process on that

3

person. See March 6, 2014 Order, p.3, fn.3.

13. Discovery is material to plaintiff's trial preparation; and are necessary to establishment of the plaintiff's FCRA claim or the denial of production would cause plaintiff hardship or injustice.

Wherefore, plaintiff respectfully request for discovery to resolve contested issue of the July 8, 2014 service date, and of the FCRA, or for discovery period the Court deems just and proper.

Date: 10-20-14

x /s/ J.M. Jackson
J.M. Jackson
113407 OSR Unit D-2-11
P.O. Box 514
Granite, OK 73547

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 10-20-14    Granite, Oklahoma

x /s/ J.M. Jackson
J.M. Jackson

## Certificate Of Mailing

I hereby certify that a true and correct copy of the foregoing instrument was mailed on __October 21, 2014__ by placing the same in the U.S. mail here at the Oklahoma State Reformatory, P.O. Box 514, Granite, Oklahoma 73547-0514, with first class postage prepaid to:

King & Spaulding
Brian J. Olson
Georgia Bar No. 553054
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521

X _____
J.M. Jackson

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 10-21-14

X _____
J.M. Jackson