IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH M. JACKSON,

      Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC,

      Defendant.

1:14-cv-610-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Non-Final Report and Recommendation ("R&R"), recommending that Defendant Equifax Information Services, LLC's Motion to Set Aside Default [26] be granted, and Plaintiff Joseph M. Jackson's ("Plaintiff") Motion for Clerk's Entry of Default be denied [27].

**I.    BACKGROUND**

On January 7, 2014, Plaintiff, an inmate at the Oklahoma State Reformatory in Granite, Oklahoma, filed a *pro se* Complaint against Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681.  On July 10, 2014, Plaintiff filed a return of service form, indicating that, on June 8, 2014, the United States Marshals Service ("USMS") served the Defendant with the Complaint.  Defendant did not

file a responsive pleading within 21 days of the date of purported service. On July 23, 2014, Plaintiff filed a Motion for Clerk's Entry of Default, and, on July 24, 2014, the Clerk entered default against Defendant. On July 28, 2014, Defendant filed an Answer to the Complaint. On August 7, 2014, Defendant filed a Motion to Set Aside Default, in which it provided sworn declaration testimony to show that the USMS informed Defendant's counsel that it did not serve Defendant on June 8, 2014, and that the date on the return of service form should have shown July 8, 2014, as the date of service. Defendant's Senior Consumer Relations Specialist states in her sworn declaration that Defendant was served with the Summons and Complaint on July 8, 2014. Plaintiff did not respond to the Motion to Set Aside Default. On September 2, 2014, Plaintiff filed a second Motion for Clerk's Entry of Default, essentially now seeking entry of default judgment.

On September 9, 2014, the Magistrate Judge recommended that Defendant's Motion to Set Aside Default be granted because the evidence shows that Defendant was not served with the Summons and Complaint until July 8, 2014. The Magistrate Judge found that the return of service form was filed on July 10, 2014, two days after Defendant states the Complaint was served, and "[t]hat fact, along with the unusual Sunday date erroneously listed on the form, further demonstrates that the USMS simply listed the wrong month on the form." R&R at 3. The

Magistrate Judge also found that Plaintiff failed to show that Defendant willfully defaulted or that Plaintiff would be prejudiced by setting aside the default.

On September 26, 2014, Plaintiff filed his Objections to the R&R, in which he claims that he was not served with the Motion to Set Aside Default, and insists that a default judgment be entered against Defendant because it was served on June 8, 2014, and Defendant failed to file a timely responsive pleading.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)).  Petitioner objects to the recommendations in the R&R.  The Court thus

conducts a *de novo* review of the Magistrate Judge's R&R.

    B.    <u>Analysis</u>

An entry of default may be set aside for "good cause." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996). "Good cause is not susceptible to a precise formula," and courts consider whether (1) the default was willful, (2) setting aside the default would prejudice the other party, (3) the defaulting party presents a meritorious defense, and (4) whether the defaulting party acted promptly to correct the default.

Defendant did not willfully default "by displaying either an intentional or reckless disregard for the judicial proceedings." <u>Shepard Claims Serv., Inc. v. William Darrah & Assoc.</u>, 796 F.2d 190, 194-95 (6th Cir. 1986). Defendant filed its Answer within 21 days after the date it states it was served with the Summons and Complaint. Plaintiff has failed to present evidence to dispute the evidence submitted by Defendant that the Summons and Complaint were served on July 8, 2014, and that the return of service form that was filed incorrectly stated that Defendant was served on June 8, 2014. Defendant's declarations show that it was served on July 8, 2014, and that two days later the return of service form was filed.

Plaintiff also has failed to show that he would be prejudiced if the default is set aside.  Defendant acted promptly to correct the default by moving to set aside the default within two weeks of the Clerk's entry of default.  Plaintiff's Motion for Clerk's Entry of Default is required to be denied because Defendant answered the Complaint within 21 days of being served with the Summons and Complaint and Plaintiff will not be prejudiced by setting the default aside.

Upon *de novo* review of the Objections to the R&R, the Court adopts the Magistrate Judge's conclusion that Defendant's Motion to Set Aside Default be granted, and Plaintiff's Motion for Default Judgment be denied.  Plaintiff's Objections are overruled.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Non-Final Report and Recommendation is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Default is **GRANTED** [26].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clerk's Entry of Default is **DENIED** [27].

**SO ORDERED** this 23rd day of January, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE