IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH M. JACKSON,

             Plaintiff,

    v.                                      1:14-cv-610-WSD

EQUIFAX INFORMATION
SERVICES, LLC and J. DOE,
Manager,

             Defendants.

## OPINION AND ORDER

      This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [73] ("R&R"). The R&R recommends the Court (i) deny Defendant Equifax Information Services, LLC's ("Defendant") Motion for Summary Judgment [61] except as to one claim, (ii) grant Plaintiff Joseph M. Jackson's ("Plaintiff") request for appointment of counsel [57] ("Motion to Appoint Counsel"), and (iii) deny Plaintiff's motion for a court-appointed expert [58] ("Motion to Appoint Expert"). Also before the Court is Plaintiff's additional motion to appoint counsel [75] ("Second Motion to Appoint Counsel").

## I.   BACKGROUND

### A.   Facts[1]

Plaintiff, who proceeds *pro se*, is a prisoner in Oklahoma.  He seeks damages for Defendant's alleged failure to comply with the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, et seq.  Defendant is a consumer reporting agency ("CRA") within the meaning of the FCRA.  Defendant creates and maintains files on millions of consumers in the United States.  In accordance with the FCRA, Defendant provides consumers with free copies of their credit files. ([71] at 2).

Around January 2012, Plaintiff requested that Defendant provide him his free consumer credit file ("January Request").  (Id. at 14).  In his request, Plaintiff provided his name, social security number, date of birth, and an address in Pennsylvania.  (Id.).  There is no evidence that Plaintiff submitted any records, such as a birth certificate or other identification documents, with his January Request.  (Id.).

---

[1]   The facts are taken from the R&R and the record.   The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them.   The Court thus adopts the facts set out in the R&R.   See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir.  1993).

On January 14, 2012, Defendant sent Plaintiff a letter informing Plaintiff that the information he provided in his January Request did not match the information in the records Defendant maintained for Plaintiff.  (Id. at 14, 18-19). Defendant addressed the letter to Plaintiff at the Pennsylvania address Plaintiff provided in his January Request.  (Id. at 18-19).  The letter informed Plaintiff that, to verify his identity and address, he must submit to Defendant records showing his name, social security number, and the Pennsylvania address.  (Id.).

On February 13, 2012, Plaintiff wrote Defendant a response ("February Request").  (Id. at 10, 20-21).  Plaintiff attached to his February Request copies of his bank account statements, which listed the Pennsylvania address; his social security card; his birth certificate; and his W-2 tax form.  (Id.).  Defendant admits it considers such documents sufficient to confirm a consumer's identity and address.  ([61.3] at 4).

In support of Defendant's Summary Judgment Motion, Pamela Smith, Defendant's Legal Support Associate, provided a declaration stating that, in order to provide a free credit report to a prisoner, Defendant requires the prisoner to submit a copy of his prisoner identification card or other document demonstrating that he is a prisoner.  (Id.).  Defendant's January 14, 2012, letter to Plaintiff did not mention this requirement.  ([71] at 18-19).  Ms. Smith also stated that Defendant

3

will not mail a consumer credit file to an address that does not appear in the consumer's file, but will, if the consumer provides appropriate documentation, update the file with revised information and then send the file to the consumer. ([61.3] at 4-5).

Plaintiff addressed his February Request to the address Defendant told him to send it, placed first-class postage on it, and placed it in the U.S. mail depository at the prison in Oklahoma.  ([71] at 10, 20-21).  Plaintiff confirmed in that mailing that his current mailing address was the Pennsylvania address but noted that he had not lived there for five years.  (Id. at 20-21).  Plaintiff's February Request also included the prison address.  (Id. at 21).

Ms. Smith stated that Defendant does not have a record of receiving Plaintiff's February Request.  ([61.3] at 5).  According to Ms. Smith, it is thus impossible to determine whether the documents Plaintiff mailed with his February Request were sufficient to satisfy Defendant's requirements for release of Plaintiff's consumer file.  (Id.).

Plaintiff never received his consumer credit file from Defendant.  ([71] at 10).  Plaintiff claims he has suffered physical and mental distress because of Defendant's failure to provide him with his consumer credit file and that those problems continue today.  (Id. at 14-16).  He states the mental distress includes

4

hurt feelings, anger, and frustration.  (Id. at 10).  His physical ailments include headaches and stomach problems, and he takes medicine to relieve his pain.  (Id. at 10, 14, 16).  Plaintiff submitted records showing that prison healthcare providers have prescribed him omeprazole, famotidine, and Excedrin for the ailments that he contends were caused by Defendant's actions.  (Id. at 25-30).  Plaintiff also claims that other prison inmates witnessed him being ill over Defendant's failure to provide him his consumer credit file.  (Id. at 14).

B.   Procedural History

On January 7, 2014, Plaintiff filed his Complaint [1] in the United States District Court for the Middle District of Pennsylvania.  In it, he claims that Defendant violated the FCRA when it did not provide him his consumer credit report after he sent his January Request and his February Request.  He seeks statutory and punitive damages based on Defendant's willful failure to comply with his requests.  On February 28, 2014, this action was transferred to this Court. The Court screened Plaintiff's complaint and found that it stated a viable claim under the FCRA.  ([19]).

A discovery period was never set in this action.  On March 6, 2014, the Court entered an Order advising the parties that the case was assigned to a zero-month discovery track and that a party seeking discovery must file a motion

5

requesting discovery by a certain deadline.  Plaintiff did not file his motion for discovery [36] until October 2014, after the deadline.  He filed another discovery motion [52] almost a year later.  On January 26, 2015, and August 26, 2015, the Magistrate Judge denied [47], [54] Plaintiff's untimely discovery motions.[2]  On November 19, 2015, Plaintiff filed his Motion to Appoint Counsel [57] and Motion to Appoint Expert [58].

On November 24, 2015, Defendant filed its Motion for Summary Judgment.  In it, Defendant argued that summary judgment should be granted because (i) Plaintiff cannot prove that Defendant received proper identification, and (ii) Plaintiff cannot prove that he incurred damages caused by his failure to receive a consumer disclosure.

On February 1, 2016, the Magistrate Judge issued her R&R.  In it, the Magistrate Judge found that there is a genuine issue of fact as to whether Defendant received Plaintiff's February Request that included documents verifying Plaintiff's identity and the Pennsylvania address that Defendant had in Plaintiff's consumer credit file.  (R&R at 8).  She found that Plaintiff alleged, and provided evidence of, physical pain and suffering as a result of Defendant's actions.  (Id. at

---

[2]    On January 23, 2015, the Court denied [46] Plaintiff's motion for default judgment.

11-12).  The Magistrate Judge thus recommended that summary judgment be denied on Plaintiff's FCRA claim based on his February Request.  She recommended that, as to Plaintiff's FCRA claim based on the January Request, summary judgment should be granted because there is no factual issue as to whether Plaintiff provided proper identification with his January Request.  (Id. at 13).

The Magistrate Judge recommended the Court grant Plaintiff's Motion to Appoint Counsel to assist him in preparing for trial.  (Id. at 14).  She recommended that Plaintiff's Motion to Appoint Expert, filed well after the discovery deadline in this action and nearly two years after he filed his Complaint, should be denied.  (Id. at 16).

Plaintiff did not file any objections to the R&R.  On February 2, 2016, Plaintiff filed his Second Motion to Appoint Counsel.  On February 10, 2016, Defendant filed its "Response to Magistrate Report and Recommendation" [76] ("Resp. to R&R"), in which it states that it "will not contest the recommendations set forth in" the R&R, and that it "agrees with" the recommendations in the R&R. (Resp. to R&R at 1).  Defendant requests that the Court "set a settlement conference after counsel is appointed to further expedite proceedings in this case." (Id.).

7

**II.   DISCUSSION**

    A.   <u>Legal Standards</u>

        1.   <u>Review of a Magistrate Judge's Report and Recommendation</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

        2.   <u>Summary Judgment Standard</u>

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56.  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  <u>Herzog v. Castle Rock Entm't</u>, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the

8

moving party has met this burden, the nonmoving party must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).  The nonmoving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings."  Id.

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  Scott v. Harris, 550 U.S. 372, 380 (2007).  Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment.  Id. "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ."  Graham, 193 F.3d at 1282.  "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial."  Herzog, 193 F.3d at 1246.  The party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'"  Scott, 550 U.S. at 380 (quoting Matsushita Elec. Indus.

9

Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).  A party is entitled to summary judgment if "the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict."  Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (quotations omitted).

> B.     Analysis

The R&R recommends the Court (i) deny Defendant's Motion for Summary Judgment except as to Plaintiff's claim based on his January Request, (ii) grant Plaintiff's Motion to Appoint Counsel, and (iii) deny Plaintiff Motion to Appoint Expert.

> 1.     Defendant's Motion for Summary Judgment

The FCRA provides that "[e]very [CRA] shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) all information in the consumer's file at the time of the request."  15 U.S.C. § 1681g(a).  Section 1681h(a)( l) requires the consumer to furnish proper identification to the CRA to obtain a  consumer credit file, but the FCRA does not define "proper identification."  "[A] consumer's request for his report, without limitation, is sufficient to invoke the consumer's rights under § 1681g(a)."  Taylor v. Screening Reports, Inc., 294 F.R.D. 680, 685 (N.D. Ga. 2013) (holding that

consumer's request for his "report" or his "file" is sufficient to trigger CRA's obligation under § 1681g(a)).  A consumer may recover his actual damages sustained as a result of a CRA's failure to comply with his request for his consumer credit file and may recover statutory and punitive damages if the CRA willfully failed to comply.  15 U.S.C. §§ 1681n, 1681o; see Edeh v. Equifax Info. Servs., LLC, 919 F. Supp. 2d 1006, 1013 (D. Minn. 2013) ("Sections 1681n and 1681o create civil liability when a CRA fails to comply with any of its requirements, including its disclosure requirements.").

Defendant's primary argument in support of its motion for summary judgment is that Plaintiff cannot prove that he mailed documents to Defendant verifying his address at the Oklahoma prison or that Defendant received those documents.  The Magistrate Judge found that Defendant's argument fails because there is a genuine issue of fact as to whether Defendant received Plaintiff's February Request that included documents verifying Plaintiff's identity and the Pennsylvania address that Defendant had in Plaintiff's consumer credit file.  (R&R at 8).  She noted that it is undisputed that Plaintiff placed his February Request in the U.S. mail, with proper postage, addressed to the address Defendant told him to send it and that the package contained documents that Defendant accepts for verifying a consumer's identity and address.  (Id.).  Though Defendant claims it

11

did not receive the February Request, the "common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee." Konst v. Fla. E. Coast Ry. Co., 71 F.3d 850, 851 (11th Cir. 1996); see also In re Farris, 365 F. App'x 198, 199 (11th Cir. 2010). "The mere denial of receipt, without more, is insufficient to rebut the presumption." Farris, 365 F. App'x at 199.

The Magistrate Judge found that, here, in support of its assertion that it did not receive the February Request, Defendant provides only the testimony of its Legal Support Associate who reviewed Defendant's records and did not find evidence of receipt. She found that this "evidence does no more than establish a factual issue as to whether the presumption is rebutted . . . ." (R&R at 9). The Court agrees. See Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1241 (11th Cir. 2002) (in determining whether an office received an item mailed to it, a "court could not rely on the bare assertion of one member of the office that the mail was not received. . . . The court would need testimony about the office's practice and procedure for receiving and filing incoming mail . . . to draw an inference that the mail was or was not received"); Farris, 365 F. App'x at 199 ("[D]irect testimony of nonreceipt, *combined with other evidence*, may be sufficient to rebut the presumption." (emphasis added)). The Magistrate Judge found that it is undisputed

12

that Plaintiff's February Request included proof of his Pennsylvania address that was in his consumer credit file maintained by Defendant, and that this information was sufficient for Defendant to provide Plaintiff his consumer credit file.  (R&R at 9).[3]

Defendant next argued that Plaintiff cannot prove actual damages caused by Defendant's alleged failure to provide his consumer credit file.  Defendant contends that Plaintiff claims only mental distress and that such harm cannot support relief under the FCRA.  ([61.1] at 9-11).  The Magistrate Judge found that Plaintiff alleged and provided evidence of physical pain and suffering.  Plaintiff stated that his physical ailments include headaches and stomach problems, and he takes medicine to relieve his pain.  ([70] at 10, 14, 16).  Plaintiff submitted records showing that prison healthcare providers have prescribed him omeprazole, famotidine, and Excedrin for the ailments that he contends were caused by Defendant's actions.  (Id. at 25-30).  Plaintiff also claims that other prison inmates witnessed him being ill over Defendant's failure to provide him his consumer

---

[3]      She found that Defendant provided no legal authority for its assertion that a prisoner does not provide "proper identification" under the FCRA if he does not verify the prison address, or its assertion that the FCRA does not require Defendant to provide a credit file to a prisoner at an address other than the prison.  (R&R at 10).  The Court finds no plain error in these findings.  See Slay, 714 F.2d at 1095.

credit file. (Id. at 14). Viewing the evidence in the light most favorable to Plaintiff, the Magistrate Judge found that there is a genuine factual issue as to whether, and to what extent, Plaintiff suffered actual damages as a result of Defendant's alleged failure to comply with the FCRA. (R&R at 11-12). The Magistrate Judge thus recommended denying Defendant's Motion for Summary Judgment on Plaintiff's FCRA claim based on his February Request. The Court finds no plain error in these findings and recommendation. See Slay, 714 F.2d at 1095.[4]

The Magistrate Judge recommended that the Court grant Defendant's Motion for Summary Judgment on Plaintiff's FCRA claim based on his January Request, because it is undisputed that the information Plaintiff provided in the request did not match the information in his consumer credit file maintained by Defendant. (R&R at 13). The Magistrate Judge found that there is no factual issue

---

[4]     In its reply brief, Defendant argued that Plaintiff did not produce any evidence to support the allegations in his Complaint that Defendant willfully violated the FCRA by not providing him his consumer credit file. ([72] at 6-7). A willful violation subjects a CRA to statutory and punitive damages. 15 U.S.C. § 1681n. The Magistrate Judge found that, because Defendant did not raise this argument in its opening brief in support of its Motion for Summary Judgment, Defendant waived its argument regarding the willful violation claim. (R&R at 12 (citing In re Egidi, 571 F.3d 1156, 1163 (11th Cir. 2009))). The Court finds no plain error in these findings. See Slay, 714 F.2d at 1095.

as to whether Plaintiff provided proper identification with his January Request, and thus whether Defendant violated the FCRA by not providing Plaintiff's consumer credit file in response to the request.  The Court finds no plain error in these findings and recommendation.  See Slay, 714 F.2d at 1095.

    2. <u>Plaintiff's Motion to Appoint Counsel and Motion to Appoint Expert</u>

   Plaintiff asks the Court to appoint counsel to represent him in this action. "A plaintiff in a civil case has no constitutional right to counsel," and the Court appoints counsel "only in exceptional circumstances." <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir. 1999).  The Magistrate Judge noted that, if the Court adopts the R&R, trial is the next phase of this case.  Plaintiff is incarcerated in Oklahoma, while trial would be held in Georgia.  The Magistrate Judge noted that this arguably is an "exceptional circumstance[] warranting a request for counsel . . . ." (R&R at 14).  She thus recommended that the Court grant Plaintiff's Motion to Appoint Counsel.  Plaintiff, however, does not have the right to counsel in this civil action, and, even though counsel would assist Plaintiff in trying this matter, the Court does not have funding to pay for counsel for Plaintiff, and his Motion to Appoint Counsel is denied as moot.  See <u>Carter v. Broward Cty Sheriff's Dep't</u> <u>Med. Dep't</u>, 558 F. App'x 919, 923 (indigent prisoner had no constitutional right to

counsel as a plaintiff in a civil case).[5]  The Court will seek to identify a lawyer to provide *pro bono* assistance to Plaintiff in this case.  This will be more difficult considering Plaintiff is incarcerated in Oklahoma.[6]

Plaintiff also seeks, under Federal Rule of Evidence 706, a court-appointed expert, because the "medical issues involved in this case are complex and involve psychological pain" and Plaintiff cannot afford to pay an expert.  (Mot. to Appoint Expert).  Rule 706 provides that "the court may order the parties to show cause why expert witnesses should be appointed and . . . may appoint any expert that the parties agree on and any of its own choosing."  Fed. R. Evid. 706(a).  Appointment of an expert witness under Rule 706 is a discretionary decision.  Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK, Ltd., 326 F.3d 1333, 1348-49 (11th Cir. 2003).  The Magistrate Judge recommended that Plaintiff's Motion to Appoint Expert, filed well after the discovery deadline in this action and nearly two years after he filed his Complaint, should be denied.  (R&R at 16).  The Court finds no plain error in

---

[5]    Exceptional circumstances warranting appointment of counsel include cases in which "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992).  The Court finds that the facts and legal issues here are not so novel or complex as to require the assistance of counsel.

[6]    Plaintiff's Second Motion to Appoint Counsel seeks the same relief as his original Motion to Appoint Counsel.  The Court thus denies as moot Plaintiff's Second Motion to Appoint Counsel.

these findings and recommendation, and Plaintiff's Motion to Appoint Expert is denied.  <u>See</u> <u>Slay</u>, 714 F.2d at 1095.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [73] is **ADOPTED AS MODIFIED**.

**IT IS FURTHER ORDERED** that Defendant Equifax Information Services, LLC's Motion for Summary Judgment [61] is **GRANTED IN PART** and **DENIED IN PART**.  Defendant's Motion is **GRANTED** as to Plaintiff's FCRA claim based on his January Request.  Defendant's Motion is **DENIED** as to Plaintiff's remaining claims.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [57] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Expert [58] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Appoint Counsel [75] also is **DENIED AS MOOT**.

**SO ORDERED** this 16th day of May, 2016.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE